Mr. Justice Clayton
delivered the opinion of the court.
This was an appeal from a judgment, quashing a writ of attachment in the circuit- court of De Soto, at the return term thereof.
The objection to the attachment itself was, that it was dated on the 22d March, 1847, and was made returnable the sixth Monday after the fourth Monday in March next, more than twelve months, as it is said, after the date.
This phraseology is awkward, and is taken from the language regulating the term of the court. It throws the day of appearance, necessarily, into the month of May. If, instead of this circumlocution, a fixed day in May had been prescribed for the appearance, there would have been no room for the motion. The effect is precisely the same. If the sentence were transposed so as to read, the sixth Monday after the next fourth Monday in March, there would then be .no objection to the process, unless it issued not only after the first, but after the fourth Monday in March. But what is conclusive upon this head is, 'that the party understood the process to be returnable to the May term, 1847, because he then appeared and moved to quash. This cured all defect in the writ, in this respect. Harrison v. Agricultural Bank, 2 S. & M. 307.
*725 The next objection is to the affidavit, upon which the attachment was founded. It states that the affiant believes “ that the defendant will remove himself and his effects beyond the limits of the state, before his claim could be collected by the ordinary course of law, and that he is transferring and conveying away his property, so that the claim of aidant will be defeated, or cannot be made by the regular course of law.” This affidavit is not in literal and exact compliance with the law. Hutch. Code, 820. But if the words had been, “ that the defendant is about to move himself and his effects,” then the affidavit would have been in the precise language of the statute. In legal effect, they seem to us to be the same; the shade of difference in the meaning is very slight. The affidavit adds, that the claim will be defeated, in consequence of these acts of the defendant, if the party should wait for the ordinary course of the law. This is the material point in the affidavit. The law gives this extraordinary process, when the claim will be lost if the usual mode be pursued. When that allegation is distinctly made, the affidavit will be sufficient, even though the facts on which the charge is made are not set out in the precise words of the statute, if equivalent expressions are used, and there is a substantial compliance with the law.
From the disposition manifested by the legislature to extend the remedy by attachment, and in accordance with their express direction to that effect, we feel bound to place a liberal construction upon the law, in order to secure the end they had in view. See Runyan v. Morgan, 7 Humph. 218. The judgment will be reversed, and cause remanded.
The same order will be made in No. 2416, a case between the same parties.